1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

12

13

14

| LAWRENCE JONES | CASE NO. C12-2002-RSM |
| Plaintiff, | ORDER GRANTING MOTION FOR REMAND |
| v. | |
| MARK SUSNAR et al., | |
| Defendants. | |

15

16      This matter is before the Court for consideration of Plaintiff's motion for remand.  Dkt. #

17   11**.**  For the reasons set forth below, the motion shall be granted.

18      Plaintiff originally filed this action in King County Superior Court, alleging state law

19   causes of action under the Washington Law Against Discrimination ("WLAD"), RCW 49.60 *et*

20   *seq*. Dkt. # 1, p. 4.  On November 8, 2012, Defendants removed the action to this Court,

21   invoking federal question jurisdiction under 28 U.S.C. §§ 1441 and 1446. Dkt. # 1. Plaintiff filed

22   an amended complaint on November 15, 2012 (Dkt. # 5) and filed this motion for remand on

23   December 11, 2012. Dkt. # 11. Plaintiff's amended complaint eliminated the language cited by

24   Defendants as grounds for removal in the first complaint.

ORDER GRANTING MOTION FOR REMAND - 1

1    Federal question jurisdiction is based on "a claim or right arising under the Constitution,

2   treaties, or laws of the United States."  28 U.S.C. § 1441(b).  Under the well-pleaded complaint

3   rule, federal jurisdiction exists only "when a federal question is presented on the face of the

4   plaintiff's properly pleaded complaint." *California v. United States*, 215 F.3d 1005, 1014 (9th

5   Cir. 2000).  Further, where the plaintiffs have not pleaded a federal cause of action on the face of

6   the complaint, the court must evaluate whether they have artfully pleaded a state law cause of

7   action which necessarily arises under federal law.  *Lippitt v.  Raymond James Financial Services,*

8   *Inc.,* 340 F.3d 1033, 1041 (9th Cir. 2003).

9    Defendants do not contest Plaintiff's motion for remand. Dkt. # 13, p. 1. They contend

10   that Plaintiff's amended complaint effectively removed all claims under federal law making

11   remand appropriate. They do, however, contest Plaintiff's request for an award of the fees and

12   costs incurred in bringing the motion for remand under 28 U.S.C. 1447(c). The Court "may

13   award fees under 28 U.S.C. 1447(c) only where the removing party lacked an objectively

14   reasonable basis for removal." *Martin v. Franklin Capitol Corp.*, 546 U.S. 132, 141 (2005).

15   Defendants argue that there were objectively reasonable grounds for removal at the time that the

16   complaint was first filed in King County. Specifically, Defendants state that the complaint

17   identified federal claims when it referred to bringing suit "under all available tort claims;" when

18   Plaintiff stated that he was retaliated against for asserting his leave and disability rights "under

19   state and federal law;" and where the complaint requested punitive damages that are not

20   available under Washington law. Dkt. # 13. Removal is not objectively unreasonable solely

21   because the removing party's arguments lack merit. *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d

22   1062, 1065 (9th Cir. 2005). Although a close call, considering Defendants arguments as a whole

23

24

1  the Court cannot say that there was no objectively reasonable basis for removal. Accordingly,

2  Court grants the motion for remand but declines to award fees under § 1447(c).

3          Plaintiff's motion for remand is GRANTED, and this case is hereby REMANDED to

4  King County Superior Court, Cause No. 12-2-35595-9 SEA.

5          The Clerk shall close this file and send a certified copy of this Order to the Clerk of

6  Court for King County Superior Court.

7

8          Dated this 4th day of January 2013.

9

10

11

12          RICARDO S. MARTINEZ
            UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING MOTION FOR REMAND - 3